```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

MINIA MEISELS, on her own behalf and
derivatively on behalf of STAMFORD
EQUITIES, LLC, et al.                           MEMORANDUM & ORDER
                                                19-cv-4767(EK)(RML)
                    Plaintiffs,

         -against-

HENRY MEISELS a/k/a HENICH MORDECHEI
MEISLISH, JACOB MEISELS a/k/a YAAKOV
MEISLISH, and JOEL MEISELS, a/k/a
YOELI MEISLISH,

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Minia Meisels brings this action for monetary and injunctive relief against three relatives: her sons Henry and Jacob, and Henry's son, Joel. She seeks to recover control over certain real properties whose ownership fell into dispute after her husband's passing.

On February 6, 2020, Plaintiff moved the Court to (1) appoint a receiver to oversee the properties during the course of this action, perform an accounting of defendants Henry and Joel's management practices, and collect all rents going forward; (2) in the absence of a receiver, take interim measures to "protect and preserve" the income from the properties; and (3) in either event, enjoin defendants Henry and Joel from

1

taking certain actions with respect to the properties, and compel them to make monthly payments to Plaintiff from the proceeds of the properties' net income, among other things. Notice of Motion at 1-2, ECF No. 34.  On March 9, defendant Jacob Meisels cross-moved for an injunction directing defendants Henry and Joel to pay him monthly sums (and arrears) from the properties' net income.  Notice of Cross-Motion at 1-2, ECF No. 43.  These motions were referred to Magistrate Judge Robert M. Levy for a Report and Recommendation (R&R), pursuant to Chief Judge Roslynn Mauskopf's Order dated January 6, 2020.

After hearing oral argument, Judge Levy recommends that the Court deny these motions because the movants fail to meet the exacting standard for awarding interim relief of this nature.  R&R at 18, ECF No. 68.  For the reasons stated below, this Court adopts Judge Levy's R&R and denies Plaintiff and Jacob's motions for interim relief.

## I. Background

This is a family dispute over the ownership of real property and the associated rental proceeds.  Between 1969 and 1975, Rabbi Vilmos Meisels bought five rental buildings, which were allegedly worth over $100 million in 2017.  When Vilmos passed away in February 2019, his son Henry and Henry's son, Joel, who had been managing the properties, stopped sharing the proceeds of the business with the rest of the family.  Henry

2

claims the properties belong to him, while Plaintiff (Vilmos's wife) claims they are hers.  Jacob, who is nominally a defendant in this action, is Plaintiff's son and Henry's brother; he too claims the property belongs to Plaintiff.  Nevertheless, Henry refuses to share rental proceeds with Plaintiff or Jacob and has blocked Plaintiff from accessing the properties or reviewing their finances.[1]

       Unable to reach a compromise, Plaintiff moved the Court to appoint a receiver to oversee the properties and for other injunctive relief aimed at securing the properties and recovering their proceeds.  Notice of Motion at 1-2, ECF No. 34.  Jacob also moved for an injunction compelling Henry to share some of the proceeds with him ($10,000 per Jewish calendar month, which Jacob claims he received when Vilmos was alive).  Notice of Cross-Motion at 1-2, ECF No. 43.

---

[1] The dispute centers on the validity of various documents and the credibility of witness testimony.  Most important is the validity of a "Sales Agreement" Vilmos executed on January 23, 2017, while he was in the hospital recovering from a heart attack.  That Sales Agreement purported to transfer the properties to Henry and Jacob for $15 million, although Jacob currently receives no proceeds from the property.  Plaintiff contests the validity of this agreement.  She claims that she has always been the majority shareholder of the corporate entities that own the properties and that the Sales Agreement could not have transferred more than Vilmos' minority stake.  Moreover, she claims that Vilmos expressly disavowed the Sales Agreement, and instead passed his interest in the properties to her in his will.  Jacob adds that the Sales Agreement was intended for religious purposes only and was not meant as a legal transfer.  Henry responds that Vilmos knowingly signed the Sales Agreement and ratified it after the fact, and there is no evidence that Plaintiff ever had an ownership stake in all the properties.

Judge Levy recommends denying Plaintiff and Jacob's motions. With respect to Plaintiff's motion for a receiver, Judge Levy found that she did not establish legal ownership of the properties by "clear and convincing" evidence, given the conflicting evidence and lack of documentation. R&R at 12-14, ECF No. 68. He further found that neither Plaintiff nor Jacob showed, as they must, that they would suffer irreparable harm absent interim relief, or that an emergency exists that warrants appointment of a receiver on an immediate basis. *Id.* at 13-15. Specifically, Judge Levy found that neither movant offered adequate proof of imminent insolvency or impoverishment, or that the properties were at risk of financial ruin, dissolution, or the like. *Id.* at 15-16.

Plaintiff and Jacob objected, arguing that Judge Levy overlooked certain facts that show Plaintiff is the rightful owner of the property, Objections to Magistrate's R&R at 1-6, ECF No. 69, as well as Jacob's argument that he is entitled to payments even under Henry's theory of the case, Objections to Magistrate's R&R at 3-8, ECF No. 70. Jacob also argues that Judge Levy erred in finding Jacob will suffer no irreparable harm absent the relief he seeks. Objections to Magistrate's R&R at 10-13, ECF No. 70.

## II. Legal Standard

In reviewing an R&R, district courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to the R&R's findings, as Plaintiff did here, the court must review the contested aspects of the R&R *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).

## III. Discussion

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To establish irreparable harm, a plaintiff must show that, absent the requested injunction, they will suffer an "actual and imminent" injury that "cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (cleaned up).

5

Similarly, a receiver should be appointed only "when clearly necessary to protect plaintiff's interests in a property." *See Rosen v. Siegel*, 106 F.3d 28, 35 (2d Cir. 1997) (cleaned up); *see also In re Oakland Lumber Co.*, 174 F. 634, 636-37 (2d Cir. 1909) ("[I]n no case should a remedy so far reaching in its effects be resorted to except upon clear and convincing proof."). In making this decision, courts in this Circuit consider whether the property is at imminent risk of being "lost, concealed, injured, diminished in value, or squandered," as well as "the possibility of irreparable injury to [one's] interests in the property." *Tex. 1845 LLC v. Wu Air Corp.*, No. 11-cv-1825, 2012 WL 382828, at *8 (E.D.N.Y. Feb. 6, 2012) (citing *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000)). Put differently, there must be a "clear showing that [an] emergency exists, in order to protect the interests of plaintiff in the property." *Meineke Discount Muffler Shops, Inc. v. Noto*, 603 F. Supp. 443, 444-45 (E.D.N.Y. 1985).

Here, Plaintiff and Jacob have not shown they will likely suffer irreparable harm or that an emergency exists which justifies appointing a receiver. Nothing is happening here that "cannot be redressed through a monetary award." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990). Because their objections to Judge Levy's assessment of the

6

merits, even if correct, cannot overcome this hurdle, the Court does not address those arguments. *See Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) ("A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.") (quotation marks omitted).

Only Jacob objects to Judge Levy's findings on irreparable harm. Objections to Magistrate's R&R at 10-13, ECF No. 70. Jacob, the dean of a rabbinical college in Jerusalem, argues that the absence of these periodic $10,000 payments leaves him and his family in "dire straits." Jacob Decl. ¶ 40, ECF No. 44. Jacob declares that: (1) he and his wife have a total monthly income of $4,740 to support them and their eleven children (some of whom are married), *id.* ¶ 36; (2) he needs $14,740 to "just about cover[] [their] ordinary basic expenses for groceries, electricity, water, gas, telephone, email, mortgage and home equity loans, property tax, clothing, medical/dental and health insurance, tuition and book supplies, and transportation," *id.* ¶ 37; (3) he has taken out loans to meet these demands, which he cannot pay back and he cannot "ask for any more loans," *id.*; and (4) he has received notices that his "health insurance will lapse," his "children will not be able to attend school," "electrical service to [his] home will be cut off," and that funds in his wife's account have been

7

seized by the City of Jerusalem for "overdue land tax," *id.* ¶ 38.

This Court agrees with Judge Levy's assessment that Jacob has not "shown insolvency or poverty rising to the level of irreparable harm." R&R at 16, ECF No. 68. As Judge Levy observed, courts have deemed abject poverty an irreparable harm. *See Williams v. Blum*, 513 F. Supp. 753 (W.D.N.Y. 1981) ("Lack of food to eat and clothes to wear are the quintessential 'irreparable injury'"). But that is not the case here. Jacob earns a salary and receives additional welfare payments from the Israeli government. Jacob Decl. ¶¶ 4, 36, ECF No. 44. At bottom, Jacob asserts that he must change his lifestyle without the monthly payments, albeit in ways that surely could be painful to him and his family. But this Court is not aware of any case finding irreparable harm on facts like these, and Jacob identifies none.

Because Plaintiff and Jacob do not make this stringent showing, there is no need to consider the merits of their claims. That said, the arguments they raise — at first blush, at least — appear to be substantial. For instance, Plaintiff claims that the Sales Agreement (which founds Henry's claim to ownership) is void under New York's Statute of Frauds because it was signed only on Vilmos' behalf, when the properties were in fact held by corporate entities. Objection to Magistrate's R&R

at 2-3, ECF No. 69.  Moreover, Jacob claims that even if the Sales Agreement is valid, the agreement names both him and Henry as transferees (and, in any event, he claims an addendum to the Sales Agreement would entitle him and Plaintiff to proceeds from the properties).  Objections to Magistrate's R&R at 3-8, ECF No. 70.  And there is, of course, an outstanding question as to whether (and in what amount) Plaintiff held a stake in the properties when the Sales Agreement was executed, and whose witnesses should be believed regarding Vilmos' intentions in entering the contract.  This Court has no occasion to resolve those questions now, however, given the absence of demonstrated irreparable harm to Plaintiff, Jacob, or the properties themselves.

### IV. Conclusion

For the reasons stated above, the Court adopts Judge Levy's Report and Recommendation in its entirety.  Plaintiff's motion to appoint a receiver is denied, as is defendant Jacob Meisels' cross-motion for interim injunctive relief.

SO ORDERED.

/s Eric Komitee\
ERIC KOMITEE\
United States District Judge

Dated:    October 16, 2020\
          Brooklyn, New York

9