```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

 MINIA MEISELS, on her own behalf and
 derivatively on behalf of STAMFORD
 EQUITIES, LLC, et al.,
                                                    ORDER TO SHOW CAUSE
                    Plaintiff,                      19-CV-4767(EK)(RML)

         -against-

 HENRY MEISELS a/k/a HEINICH MORDECHEI
 MEISLISH, JACOB MEISELS a/k/a, YAAKOV
 MEISLISH, et al.,

                    Defendants.

---------------------------------------x
```

Eric Komitee, United States District Judge:

In filing this action, Plaintiff Minia Meisels invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332. Section 1332(a)(2) provides that diversity jurisdiction extends to suits between "citizens of a State and citizens or subjects of a foreign state."[1] The statute requires "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As explained below, the Court is not convinced that this requirement has been met.

---

[1] Although 28 U.S.C. § 1332(a)(3) extends diversity jurisdiction to actions between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," this provision only applies where citizens of foreign states are added to both sides of a litigation that otherwise satisfies the requirements of Section 1332. *See Univ. Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 580-81 (2d Cir. 2002) (explaining that "diversity is lacking" when "on one side there are citizens and aliens and on the opposite side there are only aliens").

1

The complaint names three defendants: Henry, Joel, and Jacob Meisels. Minia Meisels (the sole plaintiff) is a citizen of a foreign state, and two of the defendants Henry and Joel — are citizens of New York. The third defendant (Jacob), however, resides in Israel. *See* Compl. ¶ 17 ("Defendant Jacob Meisels is an individual residing at Penina Street in Jerusalem"); Declaration of Jacob Meisels at ¶ 4, ECF No. 44 ("I reside and teach in Jerusalem. . . ."). This raises the question of whether Jacob (like Minia) is a citizen of a foreign state, which would defeat diversity jurisdiction. *See Univ. Licensing Corp.*, 293 F.3d at 580-81 ("diversity is lacking" when "on one side there are citizens and aliens and on the opposite side there are only aliens"); *Tecon Oil Servs. Ltd v. Bayerische Hypo-Und Vereinsbank*, 492 F. Supp. 2d 398, 399 (S.D.N.Y. June 20, 2007) (dismissing for lack of subject-matter jurisdiction because "sole plaintiff" was an alien and "at least one of the defendants is an alien").

Federal courts have an obligation to examine their subject-matter jurisdiction *sua sponte*, *see Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006), and may not preside over cases absent subject-matter jurisdiction, *see Lightfoot v. Cendant Mortg. Corp.*, 137 S.Ct. 553, 560 (2017). If the Court lacks subject-matter jurisdiction, it must dismiss the action. *See*

2

Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

In this case, diversity jurisdiction would exist only if Jacob was a citizen of the United States (dual or otherwise) who was domiciled here at the time this lawsuit commenced. *See Univ. Licensing Corp.*, 293 F.3d at 581 ("In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced."); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) ("United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties."); *see also United Torah Educ. & Scholarship Fund, Inc. v. Solomon Capital LLC*, No. 13-CV-3619, 2014 WL 4058486, at *4 (S.D.N.Y. Aug. 14, 2014) (dismissing for lack of diversity jurisdiction because one of several defendants was a U.S. citizen domiciled abroad, even though complete diversity otherwise existed).

As it is Plaintiff's obligation to establish that subject-matter jurisdiction exists over this action, *see Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-323 (2d Cir. 2001), the Court orders her to show cause in writing by March

3

22, 2021 why this action should not be dismissed in light of the issues described above.

SO ORDERED.

/s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   March 15, 2020
         Brooklyn, New York

4