UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
MINIA MEISELS,

               Plaintiff,

           -against-

HENRY MEISELS, a/k/a HENICH MORDECHEI
MEISLISH, et al.,

               Defendants.
------------------------------------x

**MEMORANDUM & ORDER**
19-CV-4767 (EK)(RML)

ERIC KOMITEE, United States District Judge:

       This is a dispute over the ultimate ownership of several Brooklyn rental properties.  In an order dated May 13, 2021, familiarity with which is assumed here, I granted plaintiff Minia Meisels' request to dismiss defendant Jacob Meisels, whose presence would otherwise have defeated diversity jurisdiction.  I also struck the Second, Third, and Sixth affirmative defenses in the defendants' answer, to the extent those defenses relied on the Sale Deed and Agreement dated January 23, 2017 (the "SD&A"), which I found facially invalid for lack of consideration.  *See* Memorandum & Order, ECF No. 108 (the "Order").

       Defendants Henry and Joel Meisels now move for reconsideration of those conclusions and seek clarification regarding the Order's application to one of the five properties at issue.  They also seek certification to appeal certain

1

aspects of the Order under 28 U.S.C. § 1292(b).  For the reasons set out below, I deny the motions.

## I.    Discussion

### A.    Motion for Reconsideration

A motion for reconsideration will ordinarily be granted only when the "moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "There are generally three grounds for reconsideration: (1) an intervening change in the law; (2) the availability of evidence not previously available; and (3) the need to correct clear error or prevent manifest injustice." *In re Zyprexa Prods. Liability Litig.*, 653 F. Supp. 2d 181, 182 (E.D.N.Y. 2009).  In their motion for reconsideration, Henry and Joel rely on the third basis — that reconsideration is necessary to prevent manifest injustice.  I address their several arguments in turn below.

On at least two points, Henry and Joel essentially rehash the same arguments they raised earlier.  These are (1) whether Jacob was an indispensable party and (2) whether the motion to strike was properly decided as a matter of civil procedure.  But a motion for reconsideration is not "a vehicle for relitigating issues already decided." *Awadallah v. W. Union*

2

*Co.*, No. 14-CV-3493, 2017 WL 52584, at *1 (E.D.N.Y. Jan. 4, 2017) (cleaned up).  Because these arguments merely "reiterate or repackage an argument previously rejected by the court," they offer no basis for reconsideration.  *Id.*  I turn to defendants' other contentions below.

      1. <u>The Validity of the Sale Deed and Agreement</u>

          a.   Minia's "Standing" to Challenge the SD&A

          Henry and Joel claim that I misunderstood their argument that Minia lacked standing to contest the validity of the SD&A.  In seeking reconsideration, Henry and Joel contend that Minia lacked standing because she never "established" that she had an ownership interest in the properties, and because she is not a party to the SD&A.  *See* Mem. of Law in Supp. of Defs.' Mot. for Reconsideration ("Defs.' Mot. for Reconsid.") at 13, ECF No. 110-1.  The motion for reconsideration does not identify the legal basis for this argument and cites no cases in support.

          In their earlier brief, Henry and Joel cited only one case going to the question of standing: *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 437 (S.D.N.Y. 2014).  *See* Henry Meisels's and Joel Meisels's Opp. to Minia Meisels's 12(c) Mot. ("Henry and Joel's Opp. Br.") at 14, ECF No. 76.  *Chen* applied a state-law rule that those who are "neither a party, an assignee nor an intended third-party beneficiary" of a contract "lack[] standing to challenge the validity of the contract."

*Chen*, 8 F. Supp. 3d at 437 (citing *Decolator, Cohen & DiPrisco, LLP v. Lysaght, Lysaght & Kramer, P.C.*, 304 A.D.2d 86, 90 (1st Dep't 2003)). Given the lack of clarity about what argument Henry and Joel were making, the Order addressed the only argument that *Chen* conceivably supports — namely, that Minia's status as a non-party to the contract deprives her of *state*-law standing to challenge it.

I need not address this argument again in full, but it bears noting that, among other things, it misunderstands the Order, misapplies *Chen*, and defies logic. First, the Order did not decide Minia's challenge to the validity of the contract as such. Minia did not bring an action to invalidate the SD&A; instead, the defendants invoked the contract *as a defense* to Minia's conversion claim, saying it established their entitlement to rent proceeds from the properties at issue. It should go without saying that Minia is entitled, under those circumstances, to dispute the validity of the contract under the rubric of an "insufficient defense" under Rule 12(f). Second, *Chen* is inapposite anyway. *Chen* did not say that every third party lacks standing to challenge the validity of a contract; it merely noted the principle, articulated in *Decolator*, that a third party must allege that it "suffered direct harm" from the contract (or was intended as a third-party beneficiary thereof). *Chen*, 8 F. Supp. 3d at 437 (citing *Decolator*, 304 A.D.2d at 90).

4

Where two parties jointly purchase an asset (as Minia has alleged), and one purports to sell the asset to a third party without consent of the other and with no sharing of proceeds, it should go without saying that the contract of sale would, if upheld, impose direct harm on the joint owner left behind. Indeed, it defies logic to conclude that the purported owner would have no ability to argue the contract's invalidity in that situation.

To the extent Henry and Joel are arguing that Minia lacks Article III standing to sue (which they do not say explicitly), that argument fails.  A litigant's constitutional standing to sue is one necessary element of subject matter jurisdiction.  "The irreducible constitutional minimum of standing" has three elements: (1) injury in fact that is (2) fairly traceable to the challenged action of the defendant and (3) is capable of redress by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "The party invoking federal jurisdiction bears the burden of establishing standing," and each element "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation."  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (cleaned up).  "At the pleading stage, general factual allegations of injury resulting

5

from the defendant's conduct may suffice." *See Lujan*, 504 U.S. at 561; *see generally* Wright & Miller Fed. Prac. & Proc. Juris. §§ 3522, 3531.15 (3d ed.).  Article III standing is, of course, an issue separate and aside from the merits of a claim. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998) (explaining why the jurisdictional analysis should precede determination of the merits).

Contrary to Henry and Joel's assertions, the Court has not decided the merits of Minia's claims for relief.  Instead, I determined that Minia has established Article III standing.  She has sufficiently alleged an injury in fact, that is fairly traceable to the defendants' conduct, and that can be redressed by a favorable decision of this court.  Specifically, Minia alleges that property in which she has an ownership interest has been converted by Henry and Joel, and she asks this Court for injunctive and monetary relief.

b.  Statute of Frauds Issues

Henry and Joel go on to argue that I misapplied *Countrywide Home Loans, Inc. v. Brown*, 223 F. App'x 13, 14 (2d Cir. 2007) — which neither party cited in their original briefs — insofar as it holds that a third party to a contract cannot raise a statute-of-frauds defense to its validity. *See* Order at 16 n.5.  But the Order did not cabin the affirmative defenses at issue based on the applicable statute of frauds; instead, the

6

Order concluded that the agreement was void for lack of consideration.  *Id.* (explaining that *Countrywide* does not control because the "crux of [Minia's] argument is that the Sale Deed and agreement is void for lack of consideration under basic principles of contract law"); *see also id.* at 25 (holding that the Sale Deed and Agreement is "illusory under elementary principles of common law").  The Order's analysis of *Countrywide*, therefore, presents no basis for reconsideration.

   c.  Discovery Regarding the Validity of the SD&A

   Henry and Joel also argue that I acted prematurely in striking the affirmative defenses — specifically, that they "should have been entitled to pursue discovery to support their arguments concerning the validity of the Agreement."  *See* Defs.' Mot. for Reconsid. at 19, ECF No. 110-1; *see also id.* at 9 (asserting that the Order "dove deep into the merits of the case without allowing Henry and Joel to substantiate their arguments with evidence outside the pleadings").  Henry and Joel do not say what this evidence might have been.  More importantly, they do not argue why I should have awaited discovery to decide the enforceability of a written contract that is, unambiguously and on its face, lacking in consideration.  *See, e.g., Van Brunt v. Rauschenberg*, 799 F. Supp. 1467, 1471, n.2 (S.D.N.Y. 1992) (granting motion to dismiss a breach of contract claim where plaintiff sought to enforce promises supported only by

7

consideration that predated the promises' making, on the "elementary" legal basis that "past consideration is not consideration"); *see also Jofen v. Epoch Biosciences, Inc.*, No. 01-CV-4129, 2002 WL 1461351, at *9 (S.D.N.Y. 2002) (quoting *Schuman v. Gallett, Dreyer & Berkey, L.L.P.*, 180 Misc. 2d 485, 689 (New York Sup. Ct. 1999) ("Where the language of a contract is plain and unambiguous, resort to extrinsic facts is inappropriate in interpretation.").

**B.   Motion for Clarification**

Henry and Joel also seek clarification that the Order does not apply to one of the five properties in question (4900 15th Avenue).  They argue that this property, unlike the others, falls outside the scope of the Order because Vilmos did not purport to convey it via the SD&A, but rather in a separate document as a "gift" requiring no consideration.  No clarification is required here, but I provide the following observation anyway:  The Second, Third, and Sixth affirmative defenses were stricken "to the extent they [were] based on the validity of the Sale Deed and Agreement."  Order at 29; *see also id.* at 18 (the motion to strike, as construed by the Court, was confined to the Second, Third, and Sixth Defenses, "only *to the extent* they are based on the Sale Deed and Agreement — not in their entirety").  The Order does not preclude Henry and Joel from asserting those defenses to the extent they are based on

something other than the SD&A.  Because the Order is clear on its face, the motion for clarification is superfluous and denied.

## C.    Motion to Certify the Order for Interlocutory Appeal

Lastly, Henry and Joel ask that I certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b).  District courts may certify a non-final order for interlocutory appeal where it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  *Id.*  They seek to appeal my conclusions that Jacob is dispensable, Minia has standing, and the SD&A is void because the consideration thereunder is illusory.

The case for certifying the last of these issues is exceedingly weak, as a reversal of my conclusion that the contract is illusory would have little effect on the procedural course of this action.  The parties would still, in that case, be left to resolve several factual disputes, including who owned the properties when the family initially acquired them: Vilmos, Minia, or both, *see* Compl. ¶ 5; Answer ¶ 5; how the will operated, *see* Compl. ¶ 43; Henry and Joel Answer ¶ 43; how the properties at issue are currently being managed, *see* Compl. ¶ 13; Answer ¶ 13.  Moreover, the unusual (and highly

9

idiosyncratic) nature of the contract at issue renders this question ill-suited for interlocutory appeal. *See Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (explaining that certification under § 1292(b) should be "rare" and reserved for "exceptional circumstances").

Immediate review might "advance the ultimate termination of the litigation" if the Second Circuit were to determine that I should have dismissed the case either because Minia lacks Article III standing — an argument that Defendants do not clearly assert — or because Jacob is an indispensable party. Unlike the question of the SD&A's validity, these are "controlling question[s] of law" because, if reversed, the case would be dismissed. *See, e.g.*, *In re Lloyd's Am. Tr. Fund Litig.*, No. 96-CV-1262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997) ("A controlling question of law exists if . . . reversal of the district court's opinion could result in dismissal of the action.").

But Henry and Joel have not shown that a "substantial ground for difference of opinion" exists as to whether Jacob is dispensable or Minia has standing. A substantial ground exists where there "is genuine doubt as to whether the district court applied the correct legal standard in its order." *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007). Such doubt may arise where the challenged

decision "is in conflict with other decisions within the same district" or elsewhere, *In re Facebook, Inc., IPO Sec.*, 996 F. Supp. 2d 524, 540 (S.D.N.Y. 2014), or if it involves a question that is "particularly difficult and of first impression for the Second Circuit."  *In re Citigroup Pension Plan Erisa Litig.*, No. 05-CV-5296, 2007 WL 1074912, at *2 (S.D.N.Y. Apr. 4, 2007) (internal citation omitted).

As noted above, Henry and Joel cite no cases in support of their position that Minia lacks constitutional standing, and the application of ordinary standing principles forecloses that argument.  And Henry and Joel have not shown that a "difficult" question of first impression or intra-Circuit split exists with respect to my analysis of Jacob's dispensability.  They point to cases holding that parties to a contract generally are indispensable in cases challenging the validity of a contract.  *Vision en Analisis y Estrategia, S.A. de C.V. v. Andersen*, No. 14-CV-8016, 2015 WL 4510772, at *5 (S.D.N.Y. July 24, 2015) (non-party was indispensable because he signed the disputed contract and played an "integral role" in the misconduct alleged in the complaint); *Errico v. Stryker Corp.*, 281 F.R.D. 182, 188 (S.D.N.Y. 2012) (absent signatories to merger agreement were indispensable because they were joint obligees who "may seek to enforce [the defendant's] obligation to them in a subsequent lawsuit").  But the Second Circuit has

11

rejected this "bright-line" rule. *See CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009) (district court erred by "adopt[ing] a bright-line rule that all parties to a contract are indispensable"). And Henry and Joel identify no case holding a contracting party indispensable where the party argued the contract was void and asked to be dismissed. Finding no substantial difference of opinion on these questions, I deny Henry and Joel's motion for certification under Section 1292(b).

D.   **Amending the Caption**

As part of their motion for reconsideration, Henry and Joel point out that the case caption is incorrect, in that it refers to Plaintiff as suing, in part, derivatively on behalf of several limited liability companies. Henry and Joel are correct that this is not a derivative action, as Minia has not sued to enforce rights on behalf of the LLCs. While the incorrect case caption appeared in certain prior orders, the case caption on the docket is correct. Accordingly, the case caption as listed on the docket will be used going forward.

## II.  Conclusion

For the reasons stated above, Henry and Joel's motions for reconsideration, clarification, and certification for interlocutory appeal are denied.  A telephone status conference is scheduled for Wednesday, January 26, 2021 at 2:30 p.m. The parties are directed to call 888-808-6929 five minutes before the scheduled start of the conference and use access code 564-7824.

SO ORDERED.


        /s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    December 28, 2021
          Brooklyn, New York

13