UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

MINIA MEISELS,

                 Plaintiff,            **MEMORANDUM & ORDER**
                                      19-CV-4767(EK)(RML)

      -against-

HENRY MEISELS a/k/a HENICH MORDECHEI
MEISLISH, JOEL MEISELS a/k/a YOELI
MEISLISH, and JACOB MEISELS,

                 Defendants.

------------------------------------x
ERIC KOMITEE, United States District Judge:

        Minia Meisels brought this action against her son,
Henry Meisels, and grandson, Joel Meisels.[1]  The parties dispute
the ownership and control of five properties in Brooklyn, New
York.

        The properties at issue sit at the bottom of a two-
tiered corporate structure.  The defendants have moved for
judgment on the pleadings, arguing that each of Minia's claims
should have been pleaded derivatively on behalf of the limited
liability companies that own these properties directly, rather
than Minia herself.  Because addition of the LLCs would destroy
diversity, the defendants then go on to assert that the case
should be dismissed for lack of subject-matter jurisdiction.

---

[1] Because the parties share a surname, this order refers to the parties
by first names.

They also argue that the case should be dismissed because the estate of Minia's late husband, Vilmos Meisels, is an indispensable party that cannot be joined.  For the reasons that follow, the motion for judgment on the pleadings is denied.

## I.   Background

The factual background of this case has been laid out in prior orders.[2]  Familiarity with these facts is assumed for purposes of this order.  Each of the properties at issue is owned by a separate New York limited liability company.  Each LLC, in turn, has a single member, a distinct New York corporation.  (The parties refer to these corporations as the "Meisels Companies.")  Compl. ¶¶ 5, 18-22, ECF No. 1.  Minia has alleged that she is the majority owner of each of these corporations.  Compl. ¶¶ 1, 4, 10, 56.  In her Complaint, Minia brings multiple claims, all in her individual capacity, including breach of fiduciary duty and conversion.

Roughly three years after this case was filed, defendants submitted a letter arguing that the claims in the complaint are derivative in nature and should have been brought on behalf of the LLCs.  ECF No. 147.  After discussing this issue at a status conference, the Court ordered the parties to

---

[2] *See, e.g.*, Order dated October 16, 2020 Adopting Magistrate Judge Levy's Report and Recommendation 2-4, ECF No. 92; Order dated May 13, 2021, at 3-4, ECF No. 108; Order dated September 22, 2022 Granting Preliminary Injunction in Part, ECF No. 161.

submit additional briefing.  ECF Nos. 172, 173.  In their
submission, the defendants assert that the failure to plead
these claims derivatively warrants dismissal, as the addition of
the LLCs would destroy diversity jurisdiction.  Defendant's
Memorandum ("Defs Mem.") at 3, ECF No. 181.  In the same
briefing, they include a separate argument — that the Estate of
Vilmos Meisels has an interest in this action that requires it
to be joined.  Such joinder is not possible at this time,
according to Henry and Joel.  *Id.* at 25.  Thus, the defendants
have moved for judgment on the pleadings dismissing the case in
its entirety.

        A Court may decline to entertain a motion for judgment
on the pleadings that is brought after significant delay.  5C
Wright and Miller, Federal Practice & Procedure § 1367, at 215–
17 (Civil 3d 2004) ("If a party engages in excessive delay
before moving under Rule 12(c), the district court may refuse to
hear the motion on the ground that its consideration will delay
or interfere with the commencement of the trial."); *see also*
*Hoefer v. Bd. of Educ. of Enlarged City Sch. Dist. of*
*Middletown*, No. 10-CV-3244, 2014 WL 1357334, at *3 (S.D.N.Y.
Apr. 7, 2014) (finding a motion for judgment on the pleadings
procedurally barred, because the motion would delay trial and
prejudice the plaintiff).  However, because this motion
potentially implicates the diversity of parties in this case —

and thus the Court's subject matter jurisdiction — I will consider the motion on its merits.

## II.  Legal Standard

Under Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  The standard of review for such a motion is identical to that for motions to dismiss under Rule 12(b)(6).  *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).[3]  "Thus, we will accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor."  *Id.*  The court's task is "to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side."  *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).  "[W]here a question of fact is in dispute, it is improper for the district court to answer it on a motion for dismissal on the pleadings."  *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 302 (2d Cir. 2021).  Finally, a court may "rely on the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice" in assessing a motion for judgment on the pleadings.  *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009).

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

**III. Discussion**

**A.   Minia Has Sufficiently Pleaded Direct Claims**

In assessing whether a claim should be brought directly or derivatively, New York courts consider "(1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)." *Yudell v. Gilbert*, 99 A.D.3d 108, 113–14 (1st Dep't 2012) (adopting the Delaware Supreme Court's test from *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1035 (Del. 2004)); *see also Glenn v. Hoteltron Sys., Inc.*, 74 N.Y.2d 386, 392 (1989) ("[W]here . . . the plaintiff sues in an individual capacity to recover damages resulting in harm, not to the corporation, but to individual shareholders, the suit is personal, not derivative, and it is appropriate for damages to be awarded directly to those shareholders.").[4]

1.   <u>Breach of Fiduciary Duty</u>

First, Minia has sufficiently pleaded a direct claim for breach of fiduciary duty.  In the complaint, Minia alleges that Henry acted as a manager, and eventually President, of the

---

[4] As this Court has previously observed, the Meisels family did not observe "standard corporate formalities" in managing the entities at issue.  Third Minia Decl. ¶ 5, ECF No. 134; *see* also Decl. of Joel Meisels ¶ 7, ECF No. 41; Mem. & Order, ECF No. 161 at 10-11.  Thus, it is not clear that such formalities should be observed in the direct-versus-derivative analysis.  No party, however, is asking the Court to look through the corporate structure, and doing so is not necessary.

Meisels Companies, while also managing the properties they indirectly own.  Compl. ¶¶ 7-8, 33-35.  She further alleges that, when she attempted to replace him as manager, Henry "refused to cooperate with his mother's instructions, including about turning over . . . management of the Meisels Companies, the LLCs and the Properties."  *Id.* ¶ 12.  Instead, Minia alleges that Henry "informed Plaintiff and her family, directly and through counsel, that he was the owner of the Meisels Companies. . . .  In addition, he gradually discontinued the monthly payments to his mother" from these corporations that he had been making for years.  *Id.*; *see also infra* Sections III.A.1, III.A.2 (discussing the source of the funds).  Minia alleges that Henry's usurpation of ownership and control of these entities, together with the cessation of payments, constituted a breach of his fiduciary duty to her.  *Id.* ¶¶ 87-91.

Given his responsibilities as a manager of the corporate entities at issue, Henry owed a fiduciary duty to Minia.  New York law recognizes a "fiduciary or trust relation which directors and officers sustain to stockholders, which imposes upon directors and officers as fiduciaries the duty not to use their position for their own personal advantage or for that of their confederates or to the detriment of stockholders." *Schwartz v. Marien*, 37 N.Y.2d 487, 492 (1975) (citing 11 Fletcher's Cyclopedia Corporations, § 5135.1, p. 173.)); *see*

*also Quasha v. Am. Nat. Beverage Corp.*, 567 N.Y.S.2d 257, 257 (1st Dep't 1991) ("[C]orporate officers and directors . . . owe a fiduciary duty to the plaintiff as a shareholder."); 14A N.Y. Jur. 2d Business Relationships § 692.  Because, as alleged, Henry served as manager and President of the Meisels Companies, not just the properties or intermediate LLCs, Compl. ¶ 7, 33-35, he owed a fiduciary duty directly to Minia as a shareholder of those companies.

In *Rosenberg v. Rosenberg*, the First Department found that a manager's failure to make distributions to a shareholder in a closely held corporation could constitute a breach of fiduciary duty owed to the shareholder directly.  189 A.D.3d 561, 562 (1st Dep't 2020).  The court did not require this claim to be brought derivatively, because "[t]he complaint alleges that defendant . . ., as managing member of defendant companies, ceased making distributions to plaintiff [a non-managing member], thereby breaching a duty he owed to plaintiff independent of the duties he owed to the companies."  *Id.* Similarly, in *Noryb Ventures Inc. v. Mankovsky*, the New York County Supreme Court held that when "a shareholder in a close corporation is denied the right to participate in distributions, that denial constitutes a breach of the fiduciary duty owed to that shareholder," and "such a claim is direct" because the harm

and benefit of recovery accrue to the shareholder directly.  47 Misc. 3d 1220(A), at *14 (N.Y. Sup. Ct. 2015).

Here, Minia complains of harm that Henry caused in his capacity as manager and President to her in her capacity as shareholder.  Among other things, Henry "breach[ed his] duties, convert[ed] rents and profits, and interfere[d] with Plaintiff Minia Meisels' ownership *of the Meisels Companies*."  Compl. ¶ 13 (emphasis added).  Drawing all inferences in Minia's favor, as is required on this motion, the funds that Henry diverted are plausibly alleged to have been drawn from "the monthly surplus balances in the corporations' accounts."  Pl. Mem. at 12 n.7; *see also* Compl. ¶ 81 (identifying the funds at issue as the "net profits of the Meisels Companies").

New York courts have allowed breach of fiduciary duty claims to be asserted even when a corporate structure involves multiple layers.  For example, in *Venizelos v. Oceania Mar. Agency, Inc.*, the Appellate Division found that the manager of a family-owned shipping business breached his fiduciary duty in managing the business "in a manner intended to divest plaintiffs, his aunt and female cousins, of their interests therein."  268 A.D.2d 291, 291 (1st Dep't 2000).  That business structure, like those at issue here, included a holding company that controlled the family assets (in that case, vessels; in this case, properties).  *Id.*  The Appellate Division rejected

the defendants' argument that the claims were derivative, because the duties owed to plaintiffs were "independent of the duties owed to the holding company, and the sole purpose and effect of his transactions with respect to the holding company, which required little active management, was to steal from plaintiffs." *Id.* at 291-92.

The complaint therefore plausibly alleges that Henry owed Minia a fiduciary duty independent of that owed to the companies, and that he breached this duty in a way that harmed her directly and, if remedied, would result in a benefit to her directly.  This claim may therefore proceed directly.

2.  Conversion

Minia has likewise adequately alleged a direct claim for conversion of her ownership in the Meisels Companies and of surplus revenue payments made to her from these companies.  The key elements of conversion under New York law are: "(1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights." *Colavito v. New York Organ Donor Network, Inc.*, 8 N.Y.3d 43, 50 (2006).

In the Complaint, Minia alleges that she has "possessory interests in the cash, assets and LLC interest" held by each corporation, *see, e.g.*, Compl. ¶ 93, and that the defendants have interfered with these interests by asserting

their own ownership of the Meisels Companies, LLCs, and
properties, and by transferring to themselves cash that belongs
to Minia.  Compl. ¶ 94.  The defendants do not (on this motion)
contest the sufficiency of Minia's allegations of possessory
interest or interference.  Instead, they argue that the
conversion claim rightly belongs to the LLCs.  Defs. Mem. at 15-
16.  As a general matter, it is true that a claim for conversion
of assets that belong to a business entity is properly brought
derivatively on behalf of that entity.  *See, e.g., Grgurev v.
Licul*, 229 F. Supp. 3d 267, 297-98 (S.D.N.Y. 2017); *Elenson v.
Wax*, 215 A.D.2d 429, 429 (2d Dep't 1995).  However, the
Complaint plausibly pleads a direct claim for conversion of
Minia's ownership interests in the Meisels Companies themselves,
as well as disbursements from them.

        The first basis for the conversion claim is the
defendants' alleged wrongful takeover of the Meisels Companies.
Among other things, Minia alleges that the defendants converted
her property by "denying access to her own apartment and by
claiming wrongly that they are the owner of the Meisels
Companies that own the LLCs."  Compl. ¶ 75.

         Such ownership interests can of course be the subject
of a direct conversion claim under New York law.  *See Kubin v.
Miller*, 801 F. Supp. 1101, 1117-19 (S.D.N.Y. 1992) (denying
dismissal of direct conversion claim based on ownership of

company stock); *cf. Shapolsky v. Shapolsky*, 279 N.Y.S.2d 747, 832 (Sup. Ct. 1966), *aff'd,* 28 A.D.2d 513 (1st Dep't 1967) ("[P]laintiff's right to recover his individual stock certificates is an individual right predicated upon facts applicable solely to plaintiff and not common to any other stockholders.  His right cannot be processed through the channel of a stockholder's derivative action.").  Because Minia allegedly owns the Meisels Companies herself, she suffers any harm from interference with this ownership interest directly.  Similarly, the recovery she seeks on this conversion claim — damages to compensate the interference with her possessory rights — would benefit her directly.  Compl. ¶ 96.

Minia's claim, moreover, extends not only to conversion of the stock itself, but to the disbursements from the corporations that were allegedly withheld from Minia.  As noted above, these funds are plausibly drawn from the surplus balances in the accounts of the Meisels Companies.[5]  *See supra* at

_____

[5] The defendants have not argued that Minia has failed to sufficiently identify the funds at issue.  "While New York recognizes that money is the sort of property that may be the subject of a conversion action, the money must be held in a specific, identifiable fund and subject to an obligation to return or otherwise treat in a particular manner the specific fund in question."  *Citadel Mgmt., Inc. v. Telesis Tr., Inc.*, 123 F. Supp. 2d 133, 147–48 (S.D.N.Y. 2000); *accord Fam. Health Mgmt., LLC v. Rohan Devs., LLC*, 207 A.D.3d 136, 143–45 (1st Dep't 2022).  Here, Minia has identified "the monthly surplus balances in the corporations' accounts" as the specific source of converted funds.  Pl. Mem. at 12 n.7.  Although this identification appears in Minia's briefing, it finds support in the Complaint itself.  *See* Compl. ¶ 81 (listing "net profits of the Meisels Companies" as a source of funds that defendants wrongfully took control over); *id.* at ¶ 36 (describing

9; *see also* Pl. Mem. at 12 n.7; Compl. ¶ 81.  As alleged, these funds flowed up through the Meisels Companies and, but for the defendants' interference, would have been destined for Minia. New York courts allow direct claims for "conversion and misappropriation of corporate assets" — in addition to the stock itself — where, as alleged here, a defendant "prevent[ed] plaintiff from receiving her share of distribution of [a] company's profits." *Kurtzman v. Bergstol*, 40 A.D.3d 588, 588-89 (2d Dep't 2007); *see also Bibbo v. Arvanitakis*, 145 A.D.3d 657, 660 (2d Dep't 2016) (allowing direct conversion claim where corporate assets were diverted, and the "corporations were mere conduits of the funds" belonging to the plaintiff).

Therefore, Minia's allegations of conversion are sufficient to survive a motion to dismiss.[6]

_____

the process by which the defendants previously remitted surplus rents, net of expenses and management fees, to Minia).

[6] Minia also brings claims for an accounting, injunctive relief, and the appointment of a receiver.  Based on this Court's decision on the preliminary injunction, these claims are largely moot, as Minia now has control over the majority of the properties.  *See* Mem. & Order, ECF 161.  To the extent that these claims are not moot, they too may be brought directly.  *See, e.g. Tornick v. Dinex Furniture Indus., Inc.* 148 A.D.2d 602, 603 (2d Dep't 1989) (allowing a direct claim for an accounting based on an officer's breach of a fiduciary duty owed directly to plaintiff); *Weinreb v. 37 Apartments Corp.*, 97 A.D.3d 54, 59 (1st Dep't 2012) ("Although it is permissible to plead a cause of action for a permanent injunction, . . . permanent injunctive relief is, at its core, a remedy that is dependent on the merits of the substantive claims asserted."); *U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d 247, 254 (S.D.N.Y. 2012) ("[W]hen a receiver is sought . . . in a diversity case, the appointment of a receiver in equity is not a substantive right but is a remedy that is ancillary to the primary relief prayed for in the suit.").

**B.    The Case Need Not Be Dismissed for Failure to Join the Estate of Vilmos Meisels**

Defendants also move for judgment on the pleadings on a second basis: Rule 19 of the Federal Rules of Criminal Procedure ("Required Joinder of Parties").  They argue that (i) the Estate of Vilmos Meisels is a "required party" under Rule 19(a), so it must be joined "if feasible"; (ii) joinder of the Estate is not feasible because it would deprive this Court of subject-matter (i.e., diversity) jurisdiction; and (iii) under Rule 19(b), "equity and good conscience" therefore require dismissal.[7]

Rule 19(b) provides that a party is required if:

(A)    in that person's absence, the court cannot accord complete relief among existing parties; or

(B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>(i) as a practical matter impair or impede the person's ability to protect the interest; or

>(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P 19(a).  Henry relies on both subsection (A) and (B) above.  Rule 19(b) goes on to state: "If a person who is

---

[7] Again, this motion should have been brought earlier.  *See CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 160 (2d Cir. 2009) (noting that extensive litigation before a Rule 19 motion is filed weighs against dismissal on that motion).

required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at 19(b).

Thus, Rule 19 "sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party." *Viacom Int'l, Inc. v. Kearney,* 212 F.3d 721, 724 (2d Cir. 2000). An action will be dismissed for nonjoinder only if the criteria in both sub-sections (a) and (b) of Rule 19 are met. *See Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243-44 (2d Cir. 1987). Henry and Joel have failed, however, to make the showing called for at either step.

1. Rule 19(a): the "Required Party" Analysis

As noted, Rule 19(a)(1) provides two alternative definitions of "Required Party." The first examines the relief accorded to the existing parties, while the second looks to the interest of the non-joined party. Henry and Joel have not demonstrated that the Estate is a required party under either subsection.

i.   Rule 19(a)(1)(A): Complete Relief Among Existing
     Parties

Under Rule 19(a)(1)(A), a party is required if, "in that person's absence, the court cannot accord complete relief

14

*among existing parties*."  As the language indicates, this sub-section "is concerned only with those who are already parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006).  This means that even if further litigation with a non-party "is inevitable" if the plaintiff prevails, the party is not necessary under Rule 19(a)(1)(A) so long as the plaintiff can obtain all the relief it currently seeks in their absence.  *Id.*  Here, defendants do not argue explicitly that *Minia* cannot obtain complete relief without joining the Estate (nor do they suggest that subsequent litigation with the Estate is likely, let alone inevitable). Instead, they argue that affording Minia the relief she requests would implicate the "threshold issue" of who owns the properties, and that the Estate should be afforded the opportunity to assert its claim to ownership.  *Id.*  Contrary to the Second Circuit's guidance, this argument is not limited to "those who are already parties."  *MasterCard*, 471 F.3d at 385.

Henry relies on cases involving efforts to have title to land "determined, or quieted," in which third parties with claims to the properties were deemed required.  Defs. Mem. at 24 (citing *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 825 (5th Cir. 1967); *McShan v. Sherrill*, 283 F.2d 462, 463-64 (9th Cir. 1960)).  But Minia is not seeking to quiet title to the properties, or a declaration as to ownership; thus, as in

*MasterCard*, this "dispute is not an *in rem* proceeding between
competing claimants with the district court tasked with deciding
who has superior rights to a piece of property."  471 F.3d at
387.[8]

Instead, as discussed above, Minia is asserting that
Henry, in his capacity as manager (and fiduciary), breached his
duties and converted monies to his own use.  When a plaintiff
seeks a money judgment, "separate and distinct from any final
determination of ownership of the property" at issue, the
litigation may proceed without a competing claimant's joinder.
*PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th
555, 561-62 (5th Cir. 2023).  This is true even if the damages
litigation "may require a court to make a declaration that
impacts a title's validity" — i.e., a determination of
ownership.  *Id.* at 562.

ii.  Rule 19(a)(1)(B): The Absent Person's "Claim of
Interest"

The second prong of the "required party" definition —
Rule 19(a)(1)(B) — asks whether the *absent* party "claims an
interest relating to the subject of the action" and, if so,
whether one or the other of two additional criteria is

_____

[8] Defendants also rely on *Kermanshah v. Kermanshah*, No. 08-CV-409, 2010
WL 1904135 (S.D.N.Y. May 11, 2010).  That case is distinguishable because the
individual deemed required was a party to the contract at issue in a breach
of contract dispute.  *See id.* at *3 (invoking the "well established" rule
that "a party to a contract which is the subject of the litigation is
considered a necessary party").  That rule has no application in this case.

satisfied.  Henry and Joel's reliance on Subsection (B) falters
before we get to the additional criteria, because the Estate has
not claimed an interest in the properties here — *even though*
Minia has affirmatively requested that the English court
presiding over the disposition of the Estate appoint a
representative to appear in this action.  *See* Letter, ECF 177.
By the plain language of the Rule, this forecloses a finding
that the Estate is required under Rule 19(a)(1)(B).  *See
generally Johnson v. Smithsonian*, 189 F.3d 180, 189 (2d Cir.
1999) (noting that the un-joined foundation "has not appeared
and asserted that its interests cannot be protected without its
presence as a party . . . ."); *Peregrine Myanmar Ltd. v. Segal*,
89 F.3d 41, 49 (2d Cir. 1996) (Rule 19(a)(1)(B) not satisfied
because "[i]t is the absent party that must claim an interest,"
which it had not done).

Beyond this, "[t]he party moving for dismissal for
failure to join an indispensable party has the burden of
producing evidence showing the nature of the interest possessed
by an absent party and that the protection of that interest will
be impaired by the absence." *City of New York v. Milhelm Attea
& Bros., Inc.*, 550 F. Supp. 2d 332, 353 (E.D.N.Y. 2008); *see
also Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030,
1043 (9th Cir. 1983) (a party is necessary under Rule 19(a) only
if they claim a "legally protected interest relating to the

subject matter of the action"). The defendants have not met this burden. First, they have not adequately described the nature or validity of the Estate's interest in the entities at issue in this case. Instead, they state in a conclusory fashion that "the Estate of Vilmos Meisels has some interest, or at least a claimed interest, in the corporations, LLCs and Properties at issue here." Defs. Br. at 24.

Even assuming the Estate has some interest in this case, the defendants have not explained with particularity how it could be impaired. As the Second Circuit held in *Mastercard*:

> This overlooks a key element of the definition of "necessary" party under Rule 19(a)(2)(i). It is not enough under Rule 19(a)(2)(i) for a third party to have an interest, even a very strong interest, in the litigation. Nor is it enough for a third party to be adversely affected by the outcome of the litigation. Rather, necessary parties under Rule 19(a)(2)(i) are only those parties whose ability to protect their interests would be impaired *because of* that party's absence from the litigation.

471 F.3d at 386. The defendants have not demonstrated such a causal connection. Indeed, there are contrary indications in the record: the version of Vilmos's Last Will and Testament that Minia provided identifies Minia as the sole named beneficiary. Reply Decl. of Minia Meisels, dated Mar. 16, 2020, ECF No. 50, Ex. A; *see also* Compl. ¶ 43. If this is the case, the Estate's interests would not be imperiled by this action.

Because it is not sufficient that an action may have "the *effect* of determining" a non-party's rights, *Mastercard*, 471 F.3d at 388, and because the defendants have not carried their burden in describing the rights of the Estate or the potential impairment thereof, the Estate is not required to be joined under this provision.[9]

### 2. Equity and Good Conscience Do Not Require Dismissal

The failure to establish that the Estate is a "required party" is fatal to Henry and Joel's motion. "If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). However, for the sake of completeness, I note that even "in equity and good conscience," this "action should proceed among the existing parties." Fed. R. Civ. P. 19(b).[10]

---

[9] The defendants do not argue that the Estate should be joined as a plaintiff. However, to the extent that the Estate may be best positioned as a plaintiff, it is still not a necessary party, as Minia has alleged a commonality of interest between herself and the Estate, and "if there is another party in the suit with virtually identical interests who would be advancing virtually the same legal and factual positions," joinder is not required. *Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, No. 04-CV-9578, 2006 WL 2266351, at *9 (S.D.N.Y. Aug. 7, 2006); *see also Bank of Am. Corp. v. Braga Lemgruber*, 385 F. Supp. 2d 200, 232-33 (S.D.N.Y. 2005) (joinder not required where non-party's interests are "adequately protected" by existing plaintiffs).

[10] Henry and Joel do not make clear *why* the Estate cannot be joined. In their initial brief they write, in conclusory fashion, that Vilmos's "Estate has not been probated and therefore is not available." Defs. Mem. at 25. They indicate that probate proceedings are "ongoing" in both the United

The Second Circuit has instructed that district courts "should take a flexible approach when deciding what parties need to be present for a just resolution of the suit." *Jaser v. New York Prop. Ins. Underwriting Ass'n,* 815 F.2d 240, 242 (2d Cir. 1987). Under this standard, "very few cases should be terminated due to the absence of nondiverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible." *Id.*

While Rule 19(b) includes four factors to guide the court's consideration of indispensability, it "does not require that every factor support the district court's determination." *Universal Reinsurance Co., Ltd. v. St. Paul Fire and Marine Ins. Co.*, 312 F.3d 82, 88–89 (2d Cir. 2002). The first factor asks the court to consider "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." Fed. R. Civ. P. 19(b)(1). This factor "tracks the considerations of 19(a)(2)(ii)," *Haas v. Jefferson Nat. Bank of Miami Beach*, 442 F.2d 394, 399 (5th Cir. 1971), because the considerations of whether a party's interest may be impaired, and whether a party may be prejudiced, overlap substantially. *See also* 7 Wright & Miller, Fed. Prac. & Proc.

---

Kingdom and Israel, that Henry has "applied in the Kings County Surrogates Court to be appointed" as a temporary administrator over the properties in New York, and that "that [Kings County] matter is pending." *Id.* In a reply letter, they indicate that the "Estate is unavailable because no Court has yet acted to appoint an Executor." Defs.' Letter Response at 2, ECF 200.

Civ. § 1608 (3d ed. 2004) (noting that Rule 19(b)(1) is "partially a reiteration of portions of Rule 19(a)"). As in Rule 19(a), the burden of persuasion in 19(b) rests with the moving party. *Tae H. Kim v. Ji Sung Yoo*, 776 F. App'x 16, 20 (2d Cir. 2019). As noted above, the defendants have not carried their burden in describing the nature of the Estate's interest, nor have they made clear how such an interest would be prejudiced by the continuance of this case. Thus, the equities do not counsel dismissal.

Finally, "harm to judicial economy resulting from dismissal," militates significantly in favor of continuing the present action. *CP Sols.,* 553 F.3d at 160. The Second Circuit has considered judicial economy in assessing the adequacy of relief possible with and without the non-joined party, under Rule 19(b)(3)-(4). *Id.* As was the case in *CP Solutions*, "the parties have litigated for over two years [in this case, over four years], including conducting discovery. It would make little sense to require them to start over in state court." *Id.* Because the Estate would presumably not be available to be joined in state court either, it is not clear that Minia "would have an adequate remedy if the action were dismissed," per the fourth consideration included in Rule 19(b).

Thus, having found that the Estate is not a necessary party, and that the considerations of indispensability in Rule

19(b) likewise counsel against dismissal, the motion for

dismissal under Rule 19 is denied.

### IV. Conclusion

For the foregoing reasons, the defendants' motion for

judgment on the pleadings is denied.


SO ORDERED.


_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:     August 20, 2024
           Brooklyn, New York